UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, and APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY
FUND, and THE CARPENTER
CONTRACTOR ALLIANCE OF
METROPOLITAN NEW
YORK,

                            Petitioners,

            -against-

TRANSIT CONSTRUCTION CORP.,

                            Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   2/5/2026

25 Civ. 5792 (AT)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and The Carpenter Contractor Alliance of Metropolitan New York (collectively, "Petitioners" or "the Funds"), bring this petition under Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), as amended, 29 U.S.C. § 185, to confirm a February 5, 2025 arbitration award against Respondent, Transit Construction Corp. ("Transit Construction"). *See generally* Pet., ECF No. 1; Mem. I, ECF No. 5; Mem. II, ECF No. 17; *see also* Award, ECF No. 1-11. Respondent has not appeared in this action. For the reasons stated below, the petition is GRANTED.

**BACKGROUND**

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining and Educational and Industry Fund are "employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with" the Employee Retirement Income Security Act of 1974, as amended. Pet. ¶ 4. Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund are "trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3)." *Id.* ¶ 5. Petitioner Carpenter Contractor Alliance of Metropolitan New York ("CCA Metro") is a New York not-

for-profit corporation. *Id.* ¶ 6. Respondent Transit Construction Corporation ("Transit Construction") is a New York business corporation. *Id.* ¶ 7. At all relevant times, Transit Construction has been a member of the General Contractors Association of New York, Inc. ("GCA"). *Id.* at ¶ 10.

As a member of the GCA, Transit Construction agreed to be bound by the collective bargaining agreements ("CBA") between GCA and the New York City District Council of Carpenters ("the Union"), including all extensions. *Id.* ¶ 11; *see* GCA Member List at 4, ECF No. 1-1; CBA, ECF No. 1-2; *see also* CBA Extension, ECF No. 1-3. The CBA requires Transit Construction to make contributions to the Funds for all work performed within the trade and geographical jurisdiction of the Union. Pet. ¶ 15; CBA Art. XII, § 1. It also binds the Respondent to the Funds' trust agreements, which are incorporated by reference into the CBA. CBA Art. XII, § 1. The Trustees of the Funds established a Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"). *See* Collection Policy, ECF No. 1-8. The CBA and Collection Policy require Transit Construction to "furnish its books and payroll records when requested by the Funds for the purposes of conducting an audit to ensure compliance with required benefit contributions." Pet. ¶ 19; *see* CBA Art. XII, § 10; Collection Policy § IV (1).

The CBA also provides that proceedings may be instituted "before an arbitrator . . . to collect delinquent contributions" and that "such arbitrator shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under" any agreements establishing such Funds. CBA Art. XII, § 9(g). The Collection Policy provides that the Trustees are "empowered to designate one or more arbitrators to serve in collection matters." Collection Policy § VI (2). The Collection Policy further provides that if a matter proceeds to arbitration or litigation, the employer will be additionally responsible for damages including attorneys' fees and "the entire cost of a payroll review and/or audit." Collection Policy § IV (11).

The Funds audited Transit Construction's contributions from January 1, 2022 to December 30, 2023. They found that Transit Construction failed to remit contributions to the Funds in the principal amount of $55,138.12. Pet. ¶ 23; *see also* Audit, ECF No. 1-9. After Transit Corporation failed to pay the audit findings, the Funds initiated arbitration proceedings before one of the designated arbitrators under the Collection Policy. Pet. ¶¶ 24–25. After a hearing, and after examining all the evidence submitted, the arbitrator issued an award ("the Award") in favor of the Funds on April 8, 2025. *Id.* ¶ 26; *see* Award.

Specifically, the arbitrator found that Transit Construction violated the CBA when it failed to remit fringe benefit monies due to the Funds during the relevant period, and ordered Transit Corporation to pay the Funds (1) unpaid contributions of $55,138.12, (2) interest of $9,607.29, (3) liquidated damages of $11,045.13, (4) promotional fund contributions of $300.90, (5) attorneys' fees of $1,500, (6) audit costs of $3,681.25, and (7) the arbitrator's fee of $1,000, for a total sum of $83,014.59. *See* Award at 5. The Award further ordered post-Award interest at an annual rate of 9.5% from the date of the Award. *Id.* at 6.

Transit Construction has failed to pay any portion of the award.  Pet. ¶ 31.  The Award has not been vacated, modified, or corrected, and no application for such relief is currently pending.  *Id.* ¶ 32.

## DISCUSSION

I.    <u>Legal Standard</u>

The Court's "review of an arbitration award under the LMRA is 'very limited.'"  *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (citation omitted).  "[T]he federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes."  *Supreme Oil Co. v. Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008) (citation omitted).  "Under the LMRA, an arbitration award should be upheld as long as it 'draws its essence from the collective bargaining agreement.'"  *Id.* at 405–06 (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)).  Even if the reviewing court believes that the arbitrator "committed serious error," the award should not be vacated so long as the arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority."  *Id.* at 406 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

"[A] district court should treat an unanswered . . . petition to [confirm an arbitration award] as an unopposed motion for summary judgment."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).  Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  A court must consider all the evidence in the light most favorable to the nonmoving party, *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004), "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  Even if the nonmoving party has not appeared in the action, the Court must still "examin[e] the moving part[ies'] submission to determine if [they] ha[ve] met [their] burden of demonstrating that no material issue of fact remains for trial."  *D.H. Blair*, 462 F.3d at 110 (citation omitted).

II.    <u>Analysis</u>

The Funds argue that they are entitled to (1) confirmation of the Award, including post-Award, pre-judgment interest; (2) attorneys' fees and costs expended in the petition to confirm the Award; and (3) post-judgment interest at the statutory rate.  *See* Pet. at 9.  The Court agrees.

A.  Confirmation of the Award

The Funds are entitled to confirmation of the Award because they have demonstrated that there is no genuine dispute of material fact regarding the validity of the arbitration.  The Award should be confirmed because it "draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's 'own brand of industrial justice.'"  *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 5, 2012 WL

3744802, at \*2 (S.D.N.Y. Aug. 29, 2012) (citation omitted).  The CBA requires Transit Construction to remit contributions to the Funds and to submit its books and records to an audit by the Funds to ensure that it is making all required benefit contributions to the Funds.  Pet'r 56.1 ¶¶ 10, 12, 15, ECF No. 18.  Pursuant to the CBA and Collection Policy, the Funds conducted an Audit of Transit Construction's contributions, resulting in a finding of delinquency. *Id.* ¶ 21; *see generally* Audit.  The parties' agreements authorized them to arbitrate disputes arising out of unpaid contributions.  *See, e.g.,* CBA Art. XII, § 9; Collection Policy § VI (1)–(2); *see also* Am. to Welfare Fund at 62, ECF No. 15-2; Am. to Annuity Fund at 52–53. ECF No. 15-3.  The Funds initiated arbitration, a designated arbitrator under the Collection Policy notified the parties of the hearing date, and the parties participated in the hearing and had the opportunity to present evidence, claims, and defenses.  Pet'r 56.1 ¶¶ 23, 24; Award at 2–3.  Following the hearing, the arbitrator found that Transit Construction violated the CBA when it failed to remit fringe benefit monies due to the Funds during the relevant period.  Pet'r 56.1 ¶ 25.  Transit Construction did not dispute the amount due.  Award at 5.  The CBA further authorizes an award of interest, liquidated damages, audit costs, and attorneys' fees and costs.  *See* CBA Art. XII, § 9(f)–(g); Collection Policy § V (4).  Because the arbitrator acted within the scope of his authority in issuing the Award, which draws its essence from the CBA and related agreements, the Court confirms the Award, with post-Award interest to accrue at a rate of 9.5% per annum, running from June 24, 2024, and the date judgment is entered, inclusive.  *See* Award at 6.

### B.  Attorneys' Fees and Costs

In addition to the attorneys' fees and costs awarded by the arbitrator, the Funds seek an award of attorneys' fees and costs associated with bringing this action in court.  Mem. II at 6–10. Although attorneys' fees and costs are generally unavailable in an action brought under Section 301 of the LMRA, "[a] court may . . . exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith."  *N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, No. 11 Civ. 8425, 2012 WL 2958265, at \*5 (S.D.N.Y. July 20, 2012).  In the context of a petition to confirm an arbitration award, an award of attorneys' fees and costs is permissible where "the party challenging the award has refused to abide by an arbitrator's decision without justification."  *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Food Emps. Union Loc. 338*, 118 F.3d 892, 898 (2d Cir. 1997) (alteration adopted) (citation omitted).  Because Transit Construction has not satisfied the Award nor offered any justification for failing to do so, *see* Pet'r 56.1 ¶¶ 27–28, the Funds are entitled to reasonable attorneys' fees and costs. Moreover, the CBA provides for the recovery of reasonable attorneys' fees and costs incurred in this action, CBA Art. XII, § 9(g), and the Collection Policy further provides for an award of attorney's fees and costs "at the same hourly rate charged to the Funds for such services," Collection Policy § V (6).  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. ABBA Constr. LLC*, No. 22 Civ. 5699, 2022 WL 17555720, at \*4 (S.D.N.Y. Dec. 9, 2022) ("Attorneys' fees and costs may be awarded if the parties contractually agreed as such.").

The Funds seek $4,402.40 in attorneys' fees.  Pet'r 56.1 ¶ 35; Iorfino Decl. ¶ 16, ECF No. 16.  To support a request for attorneys' fees, petitioners must submit contemporaneous time records that "specify the date, hours expended[,] and the nature of the work done by each attorney."  *Big R Food Warehouses v. Loc. 338 RWDSU*, 896 F. Supp. 292, 295 (E.D.N.Y. 1995).  Virginia & Ambinder, LLP ("V&A"), the Funds' counsel, submitted contemporaneous

time records that reflect 15.8 hours of time spent drafting the petition to confirm the Award and supporting documents.  Pet'r 56.1 ¶ 35; Iorfino Decl. ¶ 16; Records, ECF No. 16-2.  V&A bills its partners at $430 per hour, its associate attorneys at $325 per hour, and its legal assistants at $163 per hour.  Pet'r 56.1 ¶ 32; Iorfino Decl. ¶¶ 9–13.  Although these billing rates are higher than those this Court has approved last year, similar rates have been found to be reasonable for V&A attorneys and legal assistants.  *See, e.g.*, *Trs. of the New York City Dist. Council of Carpenters Pension Fund v. AAA Windows & Doors Corp.*, No. 25 Civ. 2646, 2025 WL 1898539, at *6 (S.D.N.Y. July 8, 2025); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. J&V Locks and Doors, Inc.*, No. 25 Civ. 113 (AT) (S.D.N.Y. May 27, 2025).  Accordingly, the Court approves the Funds' request for $4,402.40 in attorneys' fees.

The Funds also seek $484.50 in court fees, service fees, and postage costs in connection with this proceeding.  Iorfino Decl. ¶ 17; Records at 4–5.  The Court approves recovery of these routine costs.  *See Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Associated Env't Servs. Ltd.*, No. 22 Civ. 8909, 2023 WL 3477593, at *4 (S.D.N.Y. May 16, 2023).

### C.  Post-Judgment Interest

"The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."  *Trs. of the Loc. 7 Tile Indus. Welfare Fund v. Richard's Improvement Bldg. Inc.*, No. 15 Civ. 3898, 2016 WL 6110455, at *11 (E.D.N.Y. Aug. 1, 2016) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)).  Because the Court's confirmation of the Award is a money judgment in a civil case, the Funds are entitled to post-judgment interest at the statutory rate.  *See* 28 U.S.C. § 1961(a).

## CONCLUSION

For the foregoing reasons, the petition to confirm the Award is GRANTED. The Clerk of Court is respectfully directed to enter judgment against Respondent in the amount of $83,014.59; post-Award interest at a rate of 9.5% per annum accruing from April 8, 2025, through the date of judgment, inclusive; attorneys' fees and costs of $4,886.90; and post-judgment interest at the statutory rate.  The Clerk of Court is further directed to terminate the motion at ECF No. 13 and close the case.

SO ORDERED.

Dated: February 5, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge

5